**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| DARRELL LYNN MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 07-677-WDS |
| | ) |
| ILLINOIS DEPARTMENT OF | ) |
| TRANSPORTATION, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is defendant's motion to dismiss plaintiff's two count complaint which seeks recovery for alleged retaliation and discrimination in violation of the Americans with Disability Act, 42 U.S.C. § 12102, et seq. (ADA)(Doc. 13). Plaintiff has filed a response to the motion to dismiss (Doc. 17).

## BACKGROUND

The complaint reveals the following: Plaintiff is a highway worker for the Illinois Department of Transportation who suffers from a moderate form of acrophobia. He alleges that his conditions are only aggravated when he is in situations where he is 25 feet or more above the ground and in an unsecured position. Plaintiff filed a two count complaint alleging that the defendant violated the ADA when his supervisor, Ken Greenlee, ordered plaintiff to climb out of a lift bucket and perform work between two bridge beams without any means of securing himself and when a superior worker ordered plaintiff to change light bulbs on a bridge over the Mississippi River at Cairo, requiring him to cross a narrow beam 85 feet above the water. Plaintiff alleges that as a result of the latter, he suffered a panic attack, went to the hospital and

was off work for a couple of weeks, until released by his physician to return to work.  At that time defendant would not, allegedly, allow plaintiff to return to work but rather sent him for an independent medical examination.

The independent doctor, Dr. Gorton, determined that plaintiff was unfit for work, plaintiff was then put on paid disability leave status.  He then challenged his leave status by filing a grievance and an administrative challenge, requesting accommodation for his disability.  Plaintiff was reinstated and assigned to work at a different facility.  After other work re-assignments he was placed on administrative leave, and suspended pending discharge, on the grounds that he had made specific threats of violence in the workplace and engaged in disruptive conduct. Plaintiff was terminated in June of 2007.  He asserts that the alleged threats and disruptive conduct charges were false.

Count 1 seeks recovery for alleged unlawful discrimination in violation of the ADA.  Count 2 alleges unlawful retaliation in violation of the ADA.  The defendant seeks dismissal of the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim on the grounds that the plaintiff does not have an ADA recognized disability; that his acrophobia does not substantially limit a major life activity; plaintiff was not regarded by the defendant as having an impairment; and, even if he does have an impairment, no reasonable accommodations are available for this position as performing work at a height of 25 or more feet is an essential function of the job.

## REVIEW STANDARDS

### 1. Motion to Dismiss Standards

To satisfy the notice-pleading standard, a complaint must give a "short and plain

statement of the claim showing that the pleader is entitled to relief," which provides the defendant with "fair notice" of the claim and the basis for that claim. *Erickson v. Pardus,* 551 U.S. 89 (2007) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007)); Fed. R. Civ. P. 8(a)(2). The complaint "must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Tamayo v. Blagojevich,* 526 F.3d 1074, 1081 (7th Cir.2008) (emphasis added). This Court must determine whether the Complaint included "enough facts to state a claim to relief that is plausible on its face." *Khorrami v. Rolince,* 539 F.3d 782, 788 (7th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955, 1968 (2007)); see *Davis v. Ind. State Police,* 541 F.3d 760, 763-64 (7th Cir. 2008). Even after *Twombly,* courts must still approach motions under Rule 12(b)(6) by "constru[ing] the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in her favor." *Tamayo,* 526 F.3d at 1081.

**2.      ADA Claims**

The ADA prohibits employment discrimination "against a qualified individual with a disability because of the disability." 42 U.S.C. § 12112(a); *Furnish v. SVI Sys., Inc.,* 270 F.3d 445, 448 (7th Cir.2001). To prevail on an ADA claim, the plaintiff must show "(1) he is 'disabled'; (2) he is qualified to perform the essential function of the job either with or without reasonable accommodation; and (3) he suffered an adverse employment action because of his disability." *Furnish,* 270 F.3d at 448. The ADA defines "disability" as follows:

> The term "disability" means, with respect to an individual-
> (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;
> (B) a record of such an impairment; or
> (C) being regarded as having such an impairment.

3

42 U.S.C. § 12102(2); 29 C.F.R. § 1630.2(g).

"[W]hether a person has a disability under the ADA is an individualized inquiry." *Sutton v. United Air Lines, Inc.,* 527 U.S. 471, 483 (1999). The statute requires the disability issue to be determined by reference to "an individual" and this Court must determine whether a given physical or mental impairment "substantially limits" the "major life activities of such individual." *Id.*; *see also* § 12102(2)(A). Major life activities include, but are not limited to, "functions such as caring for [one's self], performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i).

### 3. Discrimination under the ADA

In order to establish a prima facie case of discrimination under the indirect method of proof, plaintiff must show: "(1) he is disabled within the meaning of the ADA; (2) he was meeting his employer's legitimate employment expectations; (3) he suffered an adverse employment action; and (4) similarly situated employees received more favorable treatment." *Rooney v. Koch Air,* 410 F.3d 376, 380-81 (7th Cir. 2005). *See, Squibb v. Mem. Med. Ctr.,* 497 F.3d 775, 788 (7th Cir. 2007) (in an ADA retaliation claim under the indirect method, "we must examine [the plaintiff's] performance at the time of the challenged adverse actions"); *see also Timmons v. Gen. Motors Corp.,* 469 F.3d 1122, 1127-28 (7th Cir. 2006) (in ADA disparate treatment claim can be established under the indirect method).

### 4. Retaliation under the ADA

In order to establish a prima facie case of retaliation, plaintiff must show evidence of: "(1) a statutorily protected activity; (2) an adverse action; and (3) a causal connection between the two." *Squibb,* 497 F.3d at 786 (citation omitted).

# DISCUSSION

## 1. Disability

The defendant asserts that the plaintiff's acrophobia does not substantially limit a major life activity and therefore falls below the ADA definition of disability. The Supreme Court has produced a three-part test to determine if a physical or mental condition met subsection (A) of the definition of disability. *Bradgon v. Abbott,* 524 U.S. 624 (1998). First, the Court must determine if the condition claimed is a physical or mental impairment. *Bragdon,* 524 U.S. at 631. Second, the Court must identify life activity on which respondent relies and determine whether it constitutes a major life activity under the ADA. *Id*. Finally, the Court will ask whether the impairment substantially limits the major life activity. *Id*.

The plaintiff alleges, and defendant assumes for the purpose of this motion, that acrophobia constitutes an impairment. Plaintiff's states that acrophobia affects several life activities including flying, working or performing home maintenance and manual activities on roofs, ceilings, on ladders or scaffolding, and certain types of sightseeing and other recreational activities. Additionally, plaintiff asserts his breathing is affected by panic attacks. "Breathing" is considered a major life activity. 29 C.F.R. 1630.2(i). Plaintiff's panic attacks are symptoms of his acrophobia. The plaintiff has, therefore, sufficiently alleged that acrophobia qualifies as a disability affecting a major life activity under the ADA.

The defendant contends the plaintiff was not regarded as having an impairment, asserting that there are no facts alleged in the Complaint which show the defendant believed that plaintiff was substantially impaired because of his disability. The Court notes that reviews under Rule 12(b)(6) are made under a notice pleading standard. Here, plaintiff does allege he informed

5

defendant's management when he was hired that he had acrophobia. (Comp. ¶ 6). Additionally, plaintiff had to be taken by ambulance to a hospital after suffering a panic attack induced by acrophobia while working for the defendant. (Comp. ¶ 13). As a result, defendant ordered the plaintiff to have a medical exam which ultimately declared him unfit for work. (Comp. ¶ 14, 15). Like the plaintiff in *Wiltse v. Discover Fin. Servs.*, 2008 WL 2839259 at *4 (N.D. Ill. 2008)(three medical releases received by the defendant concerning the plaintiff's mental impairment were considered sufficient indication that the defendant was aware of the plaintiff's illness), here the plaintiff has sufficiently alleged that the defendant had medical knowledge of the disability. Therefore, the Court **FINDS** the plaintiff has satisfied his burden of alleging disability under the ADA.

**2.     Accommodation**

For the ADA to provide protection, an employee must be a "qualified individual" with a disability. *Duda v. Bd. of Educ. of Franklin Park Public School Dist. No. 84*, 133 F.3d 1054, 1058 (7th Cir. 1998). To be considered "qualified," the plaintiff must be "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment condition that such individual holds or desires." 42 U.S.C. §12111(8). There are two prongs to this definition. *Duda*, 133 F.3d at 1058. First, the individual must satisfy "the requisite skill, experience, education and other job-related requirements of the employment position he holds or desires." 29 C.F.R. §1630.2(m). Second, he can perform the essential functions of such position with or without accommodation. *Id*. The second step ensures that individuals with disabilities who can perform the essential functions of the position are not denied employment opportunities because they are unable to perform the marginal functions of

the position. *Duda*, 133 F.3d at 1058.

Here, the plaintiff alleges that he is a qualified for the position and was able to perform all the essential functions of his position. (Comp. ¶ 8). The accommodation he may have needed occurred only when he was working 25 feet or more off the ground. This only occurs less than one-half percent of the time and is a job the plaintiff considers as an incidental function. Essentially, the plaintiff alleges the only job he cannot perform is one which is considered "marginal" and should not be sufficient to deny employment. Viewing this allegation in a light most favorable to the plaintiff, the Court **FINDS** the plaintiff has described the claim in sufficient detail to give the defendant fair notice of the claim and the grounds upon which it rest and has plausibly suggested that the plaintiff has a right relief above that of a speculative level.

## CONCLUSION

Upon review of the record, the Court **DENIES** defendant's motion to dismiss (Doc. 13) on all grounds raised.

**IT IS SO ORDERED.**

**DATE: March 23, 2009.**


                                                  **s/ WILLIAM D. STIEHL**
                                                        **DISTRICT JUDGE**