IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DARRELL LYNN MILLER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 07-CV-677-WDS |
| ) | |
| **ILLINOIS DEPARTMENT OF** ) | |
| **TRANSPORTATION,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Now before the Court are the parties' motions *in limine*. Defendant Illinois Department of Transportation moves to admit into evidence plaintiff Darrell Lynn Miller's prior guilty plea to a crime involving dishonesty, and his employment application on which he allegedly lied about it (Doc. 80). Plaintiff moves to exclude the same evidence (Doc. 83). Also before the Court is defendant's motion to exclude compensatory damages and strike the jury demand in Count II of the complaint, plaintiff's retaliation claim (Docs. 77 & 78). Plaintiff has not responded to that motion. Finally, plaintiff moves to exclude evidence from trial of any disciplinary actions taken against him by defendant, other than those in the complaint (Doc. 84). Defendant responds in agreement that any disciplinary actions taken before or after the events alleged in the complaint are not relevant (Doc. 85).

In this action, plaintiff alleges discrimination and retaliation under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, against defendant, his former employer. Plaintiff has a moderate form of acrophobia, fear of heights, which affects him when he is over 25 feet above the ground in an unsecured position. The Court's previous ruling on de-

fendant's motion for summary judgment was reversed on appeal. *See Miller v. Ill. Dep't of Transp.*, 643 F.3d 190 (7th Cir. 2011). The parties are now prepared for trial.

### I. DEFENDANT'S MOTION *IN LIMINE* TO STRIKE THE JURY DEMAND IN COUNT II (Doc. 77)

Defendant moves to exclude compensatory damages and strike the jury demand in Count II, which is plaintiff's retaliation claim (Docs. 77 & 78). Plaintiff has not responded, which the Court considers to be an admission of the merits of defendant's motion. *See* SDIL-LR 7.1(c).

Compensatory and punitive damages are not available for retaliation claims under the ADA. *Kramer v. Banc of Am. Secs., LLC*, 355 F.3d 961, 965 (7th Cir. 2004), *cert. denied* 542 U.S. 932 (2004); *Alvarado v. Cajun Operating Co.*, 588 F.3d 1261, 1269–70 (9th Cir. 2009); 42 U.S.C. § 1981a(a)(2); 42 U.S.C. § 2000e-5(g)(1). The only remedies available are equitable. *Kramer*, 355 F.3d at 966. And where the only remedies sought or available are equitable, there is no right to a jury trial. *Id.* at 965; *Marseilles Hydro Power, LLC v. Marseilles Land and Water Co.*, 299 F.3d 643, 648 (7th Cir. 2002). Defendant's motion is **GRANTED**. Plaintiff's demand for compensatory damages and a jury trial are stricken from Count II.

In an action not triable of right by a jury, the court may, on motion or on its own, order a trial by jury with the consent of both parties; or it may try any issue with an advisory jury. Fed. R. Civ. P. 39(c)(1); *Kramer*, 355 F.3d at 967; *see also Alexander v. Gerhardt Enters., Inc.*, 40 F.3d 187, 192 (7th Cir. 1994). An advisory jury is an aid to the court in discharging its functions. 9 CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE § 2335 (3d ed.). The court is not bound by an advisory verdict. *Price v. Marshall Erdman & Assocs., Inc.*, 966 F.2d 320, 324 (7th Cir. 1992).

The Court elects to use an advisory jury on Count II. This case is already being tried to a jury on Count I, so using the jury in an advisory capacity for Count II will promote efficiency and convenience. The jury may be of some assistance to the Court with fact-finding, and

the Court will not be bound by the jury's findings. *See Bank of China, N.Y. Branch v. NBM L.L.C.*, No. 01 CIV.0815 (DC), 2002 WL 1072235, at *6 (S.D.N.Y. May 28, 2002). Whether defendant fired plaintiff in retaliation for asserting his rights under the ADA or in response to his alleged threat is a factual matter that the jury can readily decide. *Cf. Schuster v. Shepard Chevrolet, Inc.*, No. 99 C 8326, 2002 WL 507130, at *11 (N.D. Ill. April 3, 2002) (declining to use advisory jury on the issue of front pay because it required a threshold determination of whether the employee's reinstatement with employer would be a practical remedy).

## II. PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE DISCIPLINARY ACTIONS (Doc. 84)

Plaintiff moves to exclude all evidence, questioning, and argument about disciplinary actions defendant may have taken against him apart from those mentioned in the complaint (Doc. 84). He addressed other disciplinary actions through his union and, he says, they are not relevant and could prejudice him in this trial. In response, defendant agrees that any disciplinary actions other than the ones alleged in the complaint are not relevant (Doc. 85). Defendant only wants to present evidence relating to Count II of the complaint (retaliation). The Court finds that the parties are in agreement that only evidence relating to disciplinary actions identified in the complaint may be introduced at trial. Plaintiff's motion is **GRANTED**. Defendant adds, however, that plaintiff's own testimony at trial could open the door to other disciplinary actions. It therefore asks the Court to reserve ruling on whether defendant may impeach plaintiff at trial, depending on his testimony about other disciplinary actions. The Court agrees to condition this ruling on plaintiff's testimony at trial. *See Wilson v. Williams*, 182 F.3d 562, 565 (7th Cir. 1999) (discussing conditional rulings); *see also Luce v. United States*, 469 U.S. 38, 41–42 (1984) (a ruling *in limine* "is subject to change as the case unfolds").

## III. DEFENDANT'S MOTION *IN LIMINE* TO IMPEACH PLAINTIFF (Doc. 80)

In a deposition, plaintiff testified that in 1988 he pled guilty in Missouri to a felony for

the theft of copper wire worth over $150 (Doc. 80, Ex. A, pp. 9–10). Plaintiff said he was only given court supervision, though, and never served time in prison. When he later applied for his position with defendant in July 2002, the employment application asked whether plaintiff had "ever pled guilty to or been convicted of any criminal offense other than a minor traffic violation." He answered "no" (Doc. 80, Ex. B, p. 1). He also certified, by signing the employment application, that the information he'd given in it was true and accurate (*id.*, p. 4).

Defendant now moves for permission to impeach plaintiff at trial with evidence that he pled guilty to a felony crime involving dishonesty more than ten years ago, *see* Fed. R. Evid. 609(a)(2), 609(b)(1), and that he lied on his employment application about the same crime, *see* Fed. R. Evid. 608(b) (Doc. 80). Plaintiff moves to exclude the same evidence (Doc. 83). Plaintiff responds that he only received a suspended sentence for the theft, and a suspended sentence is not a conviction under Missouri law. He also argues that his answer on the employment application is not probative of his character for truthfulness and should be excluded.

### A. Suspended sentences in Missouri

Plaintiff believes he was never actually *convicted* of a felony. He entered a guilty plea and received court supervision. In Illinois, he notes, after a defendant completes court supervision, the charge is dismissed and there is no conviction. *See* 730 ILCS 5/5-6-3.1(e), (f). And the Seventh Circuit recognizes that a sentence of supervision in Illinois is not a conviction for evidentiary purposes. *United States v. Amaechi*, 991 F.2d 374, 378 (7th Cir. 1993) (citing *People v. Schuning*, 476 N.E.2d 423, 426 (1985)). But plaintiff pled guilty in Missouri. Missouri law provides several sentencing options:

> Whenever any person has been found guilty of a felony or a misdemeanor the court shall make one or more of the following dispositions of the offender in any appropriate combination. The court may: … (3) Suspend the imposition of sentence, with or without placing the person on probation; (4) Pronounce sentence and suspend its execution, placing the person on probation.

4

MO. REV. STAT. § 557.011.2. So the options include a suspended *imposition* of sentence and a suspended *execution* of sentence. Plaintiff does not specify which one he was given. He appears to assume it was the former, pointing out that a suspended imposition of sentence is not a final judgment in Missouri. *Yale v. City of Independence*, 846 S.W.2d 193, 194 (Mo. banc 1993); *State v. Lynch*, 679 S.W.2d 858, 860 (Mo. banc 1984), *overruled on other grounds by Yale*, 846 S.W.2d at 196. The Missouri Supreme Court explained, "[t]he obvious legislative purpose of the sentencing alternative of suspended imposition of sentence is to allow a defendant to avoid the stigma of a lifetime conviction and the punitive collateral consequences that follow." *Yale*, 846 S.W.2d at 195. So, plaintiff argues, using his guilty plea to impeach him here would conflict with that legislative purpose. He concludes that he has no conviction and, therefore, Rule 609 does not even apply to him. Defendant does not answer these arguments.

While Missouri courts do not consider a suspended imposition of sentence to be a final judgment, and the Court understands the legislative purpose behind that, a Missouri statute, MO. REV. STAT. § 491.050,[1] specifically permits guilty pleas to be used to impeach a defendant in a later proceeding. Even the *Yale* case, which plaintiff cites, observes that § 491.050 was amended to include prior pleas of guilty, making it an "exception[] to the general rule that punitive collateral consequences do not attach when imposition of sentence is suspended." 846 S.W.2d at 195; *see also Lynch*, 679 S.W.2d at 861. Therefore, even though the "obvious legislative purpose" of the suspended imposition of sentence may be to allow a defendant to avoid stigma and punitive collateral consequences in general, the Missouri legislature felt otherwise about the punitive collateral consequence of impeachment. This Court sees no reason

---

[1] "Any person who has been convicted of a crime is, notwithstanding, a competent witness; however, any prior criminal convictions may be proved to affect his credibility in a civil or criminal case and, further, any prior pleas of guilty, pleas of nolo contendere, and findings of guilty may be proved to affect his credibility in a criminal case. Such proof may be either by the record or by his own cross-examination, upon which he must answer any question relevant to that inquiry, and the party cross-examining shall not be concluded by his answer." MO. REV. STAT. § 491.050.

why plaintiff's guilty plea should be available for impeachment purposes in Missouri, but not in federal court, at least when plaintiff's argument purports to represent Missouri law.

**B. Evidence of plaintiff's prior conviction**

Defendant moves for permission to impeach plaintiff at trial with evidence, including his deposition testimony, that he pled guilty to a felony crime involving dishonesty more than ten years ago. Under Rule 609(a)(2) of the Federal Rules of Evidence, "for any crime regardless of punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." But if more than 10 years have passed since the witness's conviction, evidence of the conviction is only admissible if "its probative value, supported by specific facts and circumstances, *substantially outweighs* its prejudicial effect." Fed. R. Evid. 609(b)(1) (emphasis added); *accord Schmude v. Tricam Indus., Inc.*, 556 F.3d 624, 626–27 (7th Cir. 2009). Such evidence "should be permitted only in rare and exceptional circumstances." *United States v. Rogers*, 542 F.3d 197, 201 (7th Cir. 2008); *United States v. Redditt*, 381 F.3d 597, 601 (7th Cir. 2004); *United States v. Fallon*, 348 F.3d 248, 254 (7th Cir. 2003).[2]

Defendant argues that the probative value of plaintiff's guilty plea substantially outweighs any prejudice to him because at least three of plaintiff's claims make his credibility central to his case. First, regarding his failure-to-accommodate claim, plaintiff asserts that at the beginning of his employment, he informed defendant and the lead worker on his crew, Steve Maurizio, that he was afraid of heights and unable to perform certain tasks. He claims defendant informally accommodated him. But, defendant says, plaintiff's co-workers will tes-

---

[2] Defendant suggests the district court should weigh (1) the impeachment value of the prior crime; (2) the point in time of the conviction and the witness's subsequent history, (3) the similarity between the past crime and the charged crime, (4) the importance of the witness's testimony, and (5) the centrality of the credibility issue. *United States v. Mahone*, 537 F.2d 922, 929 (7th Cir. 1976). Those factors are used for Rule 609(a), however, which is a different standard. *See*, *e.g.*, *United States v. Jackson*, 546 F.3d 801, 819 (7th Cir. 2008).

tify at trial that plaintiff never informed them of those things. And Maurizio will testify that he was never aware plaintiff could not perform certain tasks due to a fear of heights, that plaintiff regularly performed tasks in high areas, and that plaintiff was never accommodated in the ways he claims. Second, plaintiff claims that climbing in high areas above 20 to 25 feet was not an essential function of his job as a highway maintainer on a bridge crew. Yet defendant expects plaintiff's co-workers will testify that members of the bridge crew routinely climb to those heights. Third, plaintiff claims he was fired in retaliation for asserting his rights under the ADA. Defendant, however, says it fired plaintiff for making threats of violence against personnel manager Angie Ritter, and it expects plaintiff will deny having made any threats. For these reasons, defendant believes plaintiff's credibility will be critical at trial.

Defendant also argues that plaintiff's prior crime, theft, involves dishonesty and is highly probative of his character for truthfulness. And, defendant suggests, any possible prejudice to plaintiff from admitting evidence of his prior crime can be mitigated with a limiting instruction.

As defendant points out, theft does *involve* dishonesty. Some courts have reasoned that theft involves stealth and therefore "bear[s] on a witness's propensity to testify truthfully." *United States v. Estrada*, 430 F.3d 606, 621 (2d Cir. 2005). Yet Rule 609(a)(2) was amended in 2006 to limit the types of crimes that can be admitted under it. Before the 2006 amendment, Rule 609(a)(2) required the admission of evidence of a crime "if it *involved* dishonesty or false statement." Fed. R. Evid. 609(a)(2) (2006 Rev. Ed.) (emphasis added). The amended rule,[3] however, requires admission "if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." Therefore, now, simply *involving* dishonesty is not enough. A dishonest act or false statement must be an element of the crime. The Advisory Committee Notes to Rule 609(b) explain: "The Conference Committee provided that by 'dishonesty and false state-

---

[3] Nonsubstantive stylistic changes were also made to the rule in 2011.

ment' it meant 'crimes such as perjury, subornation of perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of *crimen falsi*, the commission of which involves some element of deceit, untruthfulness, or falsification bearing on the [witness's] propensity to testify truthfully."

Here, defendant has not shown that establishing the elements of the crime of theft requires proving a dishonest act or false statement. Further, the Seventh Circuit reaffirmed last year that retail theft is not a crime of dishonesty under Rule 609(a)(2). *See Clarett v. Roberts*, 657 F.3d 664, 669 (7th Cir. 2011) (citing *Kunz v. DeFelice*, 538 F.3d 667, 675 (7th Cir. 2008)). And that was generally the rule in this circuit even before the 2006 amendment. *See United States v. Amaechi*, 991 F.2d 374, 378–79 (7th Cir. 1993) ("Having made the initial questionable assumption that some people are more given to perjury than others based on past conduct, we agree with nine other circuits that to include shoplifting as a crime of dishonesty would swallow the rule and allow any past crime to be admitted for impeachment purposes."). Plaintiff's theft sounds comparable to retail theft. Though we do not have details, the value of the copper wire was "over $150," and plaintiff was only given a suspended sentence, reflecting that he was "worthy of the most lenient treatment." *Yale*, 846 S.W.2d at 195. Accordingly, the Court **FINDS** it cannot readily determine that establishing the elements of plaintiff's crime required proving, or his admitting, a dishonest act or false statement. Evidence of the crime is not admissible under Rule 609(a)(2).

The Court also disagrees with defendant that the probative value of plaintiff's guilty plea substantially outweighs any prejudice to him. Evidence of plaintiff's prior theft conviction has little probative value. For one, the conviction is over two decades old. *See United States v. Galati*, 230 F.3d 254, 261 (7th Cir. 2000) (twenty-year-old conviction when witness was a college student had "minimal" probative value). There is little that can be concluded today based on such an old crime, which is why the probative value of evidence of crimes over ten years old must be substantial. Moreover, it is true plaintiff's credibility will be important

at trial; he will be testifying and, as defendant points out, his testimony will conflict with that of other witnesses. But the fact that defendant has its own witnesses who will testify on the separate issues involved (accommodation, essential function, retaliation) will allow the jury and the Court to consider all the testimony, observe the witnesses' demeanor, and reach conclusions about credibility. Plaintiff's testimony will not be the *only* evidence available. *See Schmude*, 556 F.3d at 626 (plaintiff's testimony was "crucial" because it was the only evidence available on two issues in the case); *cf. United States v. Redditt*, 381 F.3d 597, 601 (7th Cir. 2004) (district court did not abuse its discretion in admitting prior conviction, where defendant's testimony completely contradicted that of the government's witness and was therefore "a critical factor").

To be sure, the prejudice to plaintiff would not likely be great even if the evidence were admitted. It is an old crime and the value of the copper wire was not much. And that it is his only crime could even reflect favorably on plaintiff. Be that as it may, the probative value is not substantial enough to admit this evidence.

In conclusion, defendant's motion to admit into evidence plaintiff's prior guilty plea to a crime involving dishonesty (Doc. 80) is **DENIED**, and plaintiff's motion to exclude the same evidence (Doc. 83) is **GRANTED**. Defendant may not seek to introduce evidence of plaintiff's guilty plea. That includes attempting to elicit testimony from him at trial, for instance by asking him whether he has ever pled guilty to a felony crime involving dishonesty or by asking him about his deposition testimony. *Cf. Schmude*, 556 F.3d at 627 (affirming district court's decision to exclude any reference to the prior felony not being admitted).

### C. The employment application

Defendant next argues that it should be permitted to attack plaintiff's character for truthfulness under Rule 608(b)(1) with evidence that he lied on his employment application. The employment application asked plaintiff whether he had "ever pled guilty to or been con-

9

victed of any criminal offense other than a minor traffic violation," and plaintiff answered "no." As discussed above, defendant believes plaintiff's claims in this case depend on his credibility, and a lie on an employment application is highly probative evidence. Defendant therefore seeks to admit the employment application itself into evidence, cross-examine plaintiff about his answer on it, and ask about his deposition testimony.

The Federal Rules of Evidence exclude character evidence generally. Fed. R. Evid. 404(a)(1); *United States v. Holt*, 486 F.3d 997, 1001 (7th Cir. 2007). In limited circumstances, though, a witness's character for truthfulness can be shown using specific instances of conduct:

> Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of:
>    (1) the witness; or
>    (2) another witness whose character the witness being cross-examined has testified about.

Fed. R. Evid. 608(b)(1); *accord Clarett v. Roberts*, 657 F.3d 664, 669 (7th Cir. 2011); *Holt*, 486 F.3d at 1001; *United States v. McGee*, 408 F.3d 966, 981–83 (7th Cir. 2005); *United States v. Redditt*, 381 F.3d 597, 602 (7th Cir. 2004). Thus the specific instances of conduct may only be inquired into; extrinsic evidence is not permitted. *Clarett*, 657 F.3d at 669. And, to be inquired into, the specific instances of conduct must be probative of the witness's character for truthfulness or untruthfulness.

Defendant points out that the government was permitted to use an employment application to impeach a witness in *United States v. Redditt*, even though the prior crime in that case, like this one, was over ten years old. 381 F.3d 597, 601–02 (7th Cir. 2004). In *Redditt*, the defendant had been convicted more than ten years before for stealing electricity. The court of appeals first upheld the district court's decision to admit that conviction under Rules

609(a)(1) and (b). *Id.* at 601. The defendant had lied about the conviction on her employment application, so the district court also allowed the government to impeach her with the application. The court of appeals held that the defendant's failure to identify her conviction on the application made the application "relevant to her character for truthfulness." *Id.* at 602. Under Rule 608(b), it was therefore proper to allow the government to question her about statements she had made on the application. *Id.* (citing *Young v. James Green Mgmt., Inc.*, 327 F.3d 616, 627 (7th Cir. 2003)).[4]

In *United States v. Howard*, the court of appeals affirmed the district court's decision allowing the government to cross-examine the defendant about false statements on two employment applications. 774 F.2d 838, 845 (7th Cir. 1985). The defendant had three prior criminal convictions. Yet when he was asked on two employment applications whether he had ever been convicted or imprisoned, he answered "no." The district court did not admit the convictions themselves. It did, however, allow the government to ask the defendant whether he had lied on the employment applications, under Rule 608(b)(1), though it also "strongly and repeatedly cautioned the government against alluding to the convictions themselves in the course of its cross-examination." *Id.* at 844. The court of appeals held that the district court had properly exercised its discretion. Specifically, the defendant had put his credibility in issue by testifying, and Rule 608(b)(1) permits impeachment of a witness with prior conduct if it is probative of truthfulness or untruthfulness; in that sense, the defendant's honesty or lack of it "was plainly probative." *Id.* at 845. And extrinsic evidence was properly excluded. *Id.*

Defendant wants to cross-examine plaintiff about his answer on the employment application. As discussed above, Rule 608(b) only allows inquiry into specific instances of a witness's conduct to attack the witness's character for truthfulness if they are probative of the character for truthfulness of the witness. For the following reasons, the Court **FINDS** that plaintiff's answer on his application is not probative of his character for truthfulness. As dis-

---

[4] The court of appeals did not review the district court's decision to admit the employment application itself into evidence. (The defendant had waived the issue.) *Id.* at 602.

cussed earlier, a guilty plea with a suspended sentence is not a final judgment in Missouri, but it can be used for impeachment purposes. An additional layer of this onion is that, under another Missouri statute, the official records of the guilty plea are closed and inaccessible to the general public. *See* MO. REV. STAT. §§ 610.105, 610.120. "Thus, with suspended imposition of sentence," the Missouri Supreme Court explained, "trial judges have a tool for handling offenders worthy of the most lenient treatment. Worthy offenders have a chance to *clear their records* by demonstrating their value to society through compliance with conditions of probation under the guidance of the court." *Yale*, 846 S.W.2d at 195 (emphasis added). So, depending upon what he was told by his attorney or the trial judge, plaintiff may have believed his record and guilty plea had been cleared under Missouri law. One can certainly take that to mean he was not lying on the application. The Court agrees with plaintiff that questioning him at trial about his answer on the application would not be probative of his character for truthfulness or untruthfulness.

By contrast, in both *Redditt* and *Howard*, there was no question the defendants lied on their applications about their prior convictions, which made their answers probative of their character for truthfulness.[5] This Court otherwise takes the same approach as in *Howard*: the prior crime is not being admitted, it may not be inquired into on cross-examination, and extrinsic evidence may not be admitted.

Moreover, regarding particular instances of conduct, "the overriding protection of Rule 403 requires that probative value not be outweighed by danger of unfair prejudice, confusion of issues, or misleading the jury … ." Fed. R. Evid. 608(b), Advisory Committee Notes to the 1972 Proposed Rules. Plaintiff contends that whether he lied on the employment application raises numerous issues, such as inviting the jury to conclude that defendant would have fired plaintiff anyway, or it should have, for lying on the application. The Court will ultimate-

---

[5] *Redditt* is also different from this case because the defendant's prior conviction was admitted into evidence. Here is it being excluded. The other case defendant cites, *Varhol v. Nat'l R.R. Passenger Corp.*, 909 F.2d 1566 (7th Cir. 1990), does not involve the complexities of Missouri law either.

ly be deciding plaintiff's retaliation claim in Count II, however, so whether the jury might be invited to make that particular conclusion is not a concern. Nevertheless, for the same reasons the Court does not find plaintiff's answer on his application probative of his character for truthfulness, the application could confuse the jury and waste time. Plaintiff would need to explain the Missouri laws about suspended sentences and how he, as a layman, understood what his attorney or the judge told him. The Court doubts that can be done in a straightforward manner. The Court agrees that allowing defendant to ask whether plaintiff lied on the employment application might lead to a lengthy explanation of Missouri law, which would become confusing and waste time. Therefore, defendant will not be permitted to cross-examine plaintiff about his answer on the application. Nor may defendant seek to admit the application itself or plaintiff's deposition testimony, since that would lead to the same problems just discussed.

### IV. CONCLUSION

Defendant's motion *in limine* to exclude compensatory damages and strike the jury demand in Count II of the complaint (Docs. 77 & 78) is **GRANTED**. The Court will use an advisory jury for Count II. Plaintiff's motion *in limine* to exclude evidence of any disciplinary actions taken against him by defendant, other than those identified in the complaint (Doc. 84), is also **GRANTED**. Finally, defendant's motion *in limine* to impeach plaintiff with evidence that he pled guilty to a felony crime involving dishonesty and later lied on his employment application to defendant about the crime (Doc. 80) is **DENIED**; plaintiff's corresponding motion to exclude the same evidence (Doc. 83) is **GRANTED**.

**IT IS SO ORDERED.**

**DATED: July 17, 2012**

                                                **/s/ WILLIAM D. STIEHL**
                                                    **DISTRICT JUDGE**