**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **DARRELL LYNN MILLER,** | ) | |
| | ) | |
| **Plaintiff(s),** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO.  07-677-SCW** |
| | ) | |
| **ILLINOIS DEPARTMENT OF** | ) | |
| **TRANSPORTATION,** | ) | |
| | ) | |
| **Defendant(s).** | | |


# <u>ORDER</u>

Plaintiff claims that he was terminated in Retaliation for exercising his rights under the ADA. Having heard all of the evidence relating to this claim, the Court finds as follows:

The Court finds Plaintiff's testimony that he did not actually threaten to shoot up the Dongola yard to be credible. Nevertheless, the Court finds that Michael Barone sincerely believed that Plaintiff made a threat to "shoot up the yard" in his phone call with Mr. Barone. The Court further finds that Mr. Barone genuinely believed he needed to take seriously what he believed to be threats made by the Plaintiff. The Court's finding is bolstered by the fact that it is undisputed that Plaintiff also stated to Mr. Barone that he would take care of other employees on his own. While the Court recognizes that this statement may have been misinterpreted by Mr. Barone, it contributed to his belief that Plaintiff was, in fact, making a threat of violence. The Court's conclusion is also bolstered by the testimony of other witnesses, specifically Mr. Grammer and Ms. Alderman, who spoke with Mr. Barone and testified that he was shaken up when speaking to them about Plaintiff's statements.

While the Court believes that Mr. Barone ultimately misinterpreted Plaintiff's statements, the Court concludes that his actions and reports in response to his conversation with Plaintiff were based on a belief that a threat was made that needed to be taken seriously.

The Court further finds that IDOT management based its decision to terminate Plaintiff on what it believed to be credible reporting by Mr. Barone.

The Court also finds that IDOT further relied and Plaintiff's statements to Mr. Mills regarding Angie Ritter in deciding to terminate Plaintiff. The finds that IDOT reasonably viewed the statements at the time as potentially threatening, or, at a minimum entirely inappropriate for the workplace.

Accordingly, this Court concludes that the reason IDOT terminated Plaintiff in May of 2007 was solely because of its perception that Plaintiff had threatened to "shoot up" the Dongola yard and had made inappropriate and potentially threatening comments to Mr. Mills regarding Angie Ritter.

The Court further concludes that even if IDOT had any animus towards Plaintiff due to his engaging in protected conduct under the ADA, this played no role in Plaintiff's termination. Even without such animus, the Court concludes that Plaintiff would have been terminated anyway based on IDOT's sincere perception of, and reaction to, Plaintiff's statements.

Accordingly,  on plaintiff's retaliation claim, the Court finds in favor of Defendant Illinois Department of Transportation and against Plaintiff Darrel Lynn Miller.

**IT IS SO ORDERED**

**Dated: July 18, 2013**

> **s//Stephen C. Williams**
> **STEPHEN C. WILLIAMS**
> **U. S. MAGISTRATE JUDGE**