IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DARRELL LYNN MILLER,** ) | |
| ) | |
|      **Plaintiff,** ) | |
| ) | |
|    -vs- ) | NO. 07-677-SCW |
| ) | |
| **ILLINOIS DEPARTMENT OF** ) | |
| **TRANSPORTATION,** ) | |
| ) | |
|      **Defendant.** ) | |

### ORDER OF EQUITABLE RELIEF

**Williams, Magistrate Judge**

    This matter was tried before This Court and a Jury beginning on July 15th 2013. The Court divided Plaintiffs claims for failure to accommodate and discrimination under the Americans With Disabilities Act (42 U.S.C. § 12101 *et. Seq.*) into four counts. Count I was Plaintiff's claim for failure to provide a reasonable accommodation. Count II was Plaintiff's claim of discrimination on account of his perceived disability by keeping Plaintiff on leave status. Count III was Plaintiff's claim of discrimination on account of his perceived disability by terminating plaintiff. Counts I, II, and III were tried to the jury. Plaintiff's claim of retaliation for exercising his rights under the ADA –Count IV- was tried to the Court. On July 18, 2013 the Jury returned a verdict in favor of Plaintiff on counts I and II. The jury found in favor of Defendant on count III. The Court then found in favor of Defendant on Plaintiff's retaliation claim (Count IV).

    Now before the Court is Plaintiff's claim for equitable relief on Counts I & II. *See* 42 U.S.C. § 1981a(a)(2) & 42 U.S.C. § 2000e-5(g)(1). While the Defendant has preserved its claims of error, the parties have stipulated to the appropriate measure of equitable relief in light of the jury's verdict. As reflected in the parties' stipulation (doc. 133) and their statements on the record at the hearing on August 30, 2013, the parties agree that the appropriate measure of equitable relief in this case is a

sum of $ 15,836.60, ten (10) vacation days, forty-three (43) sick days, and four and a half (4.5) personal days. The parties agree that this equitable relief should be added to the jury's compensatory damages award.

Based on the evidence adduced at trial, the jury verdict, the stipulation of the parties, and the representations of the parties at the hearing of August 30, 2013, the Court finds that the appropriate measure of equitable relief is a sum of $ 15,836.60, ten (10) vacation days, forty-three (43) sick days, and four and a half (4.5) personal days.

Therefore, pursuant to 42 U.S.C. § 2000e-5(g)(1) and Rule 65(d) of the Federal Rules of Civil Procedure, the Defendant, Illinois Department of Transportation, is ordered to pay the Plaintiff the sum of $ 15,836.60. This is in addition to the amount of compensatory damages awarded by the jury. The Court further orders the Illinois Department of Transportation to restore to the Plaintiff ten (10) vacation days, forty-three (43) sick days, and four and a half (4.5) personal days. This restoration shall occur within 30 days of the date of this order.

The Clerk of the District Court is directed to enter judgment reflecting the jury verdict and the Court's order of equitable relief.

**IT IS SO ORDERED**.

Dated: September 11, 2013

                                                     s//Stephen C Williams
                                                     **STEPHEN C. WILLIAMS**
                                                     **U.S. MAGISTRATE JUDGE**