IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARRELL LYNN MILLER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 07−cv−677−SCW |
| ILLINOIS DEPARTMENT OF TRANSPORTATION, | ) ) ) ) |
| Defendant. | ) |

# ORDER

**WILLIAMS, Magistrate Judge:**

This case was brought pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12205. (Doc. 2). For the purposes of trial, the Court divided Plaintiff's case into four claims: Count I, failure to provide reasonable accommodation; Count II, discrimination by keeping on leave status; Count III, discrimination by termination; and Count IV, retaliation by termination. Counts I through III were tried to the jury, while the Court decided Count IV. After a four day trial, the jury found in favor of Plaintiff on Count 1 regarding failure to provide reasonable accommodation, and Count II, discrimination by keeping on leave status. (Doc. 124). They awarded $27,000 in damages on these counts. Later, the Court ordered additional equitable relief in the amount of $15,836.60 plus the restoration of various job benefits. The jury found in favor of Defendant Illinois Department of Transportation ("IDOT") on Count III, discrimination by termination. (Doc. 124). Likewise, the Court found in favor of IDOT on Count IV, Plaintiff's retaliation claim. This matter comes before the Court on Plaintiff's Motion for Attorney's Fees and Costs. (Doc. 138). For the reasons that follow, the Court awards attorney's fees of $73,809 and litigation costs in the amount of $2,054.85.

1

Section 12205 of the ADA provides: "In any action . . . the court or agency, in its discretion may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses and costs." **42 U.S.C. § 12205**. Generally, courts consider requests for attorney's fees under the ADA using the same standard of 42 U.S.C. § 1988. **See Webb v. James, 967 F.Supp. 320, 322 (N.D. Ill. 1997)**. Therefore, a party seeking attorney's fees is required to show 1) that it is a prevailing party and 2) that its request is reasonable. **Id. (citing Farrar v. Hobby, 506 U.S. 103, 109-14 (1992))**.

1. **Prevailing Party Analysis**

A judgment for compensatory damages makes a plaintiff a prevailing party. **Farrar v. Hobby, 506 U.S. 103, 111-12 (1992)**. IDOT strongly implies that Plaintiff is not a prevailing party because he has not prevailed on all of the claims presented to the jury. For example, IDOT suggests that *Simpson v. Sheahan* requires the use of the *Farrar* test[1] to determine whether a party has achieved sufficient success to be entitled to attorney's fees. This is a hollow argument. *Simpson* does not stand for the proposition that the *Farrar* test should be used to determine whether a plaintiff prevailed. Less than complete success on all claims is more relevant to the Court's analysis of the reasonableness of the attorney's fee award, not to the prevailing party analysis. **See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) ("A typical formulation is that plaintiffs may be considered prevailing parties for attorney's fees purposes if they succeed on a significant issue in litigation with achieves some of the benefit the parties sought in bringing suit. This is a generous formulation that brings the plaintiff only across the statutory threshold. It remains for the district court to determine what fee is reasonable.") (internal quotation marks and citations omitted); Simpson, 104 F.3d at 1001 (finding the district court was correct when it determined that plaintiff was a 'prevailing party' where the jury awarded**

---

[1] Discussed more fully below

**plaintiff $140 in damages).** Plaintiff has established that he is a prevailing party, and the remaining question is whether his proposed method of calculating fees is reasonable.

### 2. Reasonable Fee Approaches

Once a party "prevails," courts must calculate a reasonable fee. In this Circuit, there are two approaches. The lodestar approach permits an attorney to recover the reasonable market rate for services rendered. **See Pennsylvania v. Delaware Valley Citizen's Council for Clean Air, 483 U.S. 711 (1987); Hensley v. Eckerhart, 461 U.S. 424 (1983)**. *Hensley* provides a list of factors for determining a reasonable amount of attorney's fees, but IDOT has argued that the *Farrar* test is more appropriate here. *Farrar* applies to cases where there has been "minimal" or nominal recovery, as measured against the amount the plaintiff sought, and the proceedings were largely a waste of time for all involved. **Aponte v. City of Chicago, 728 F.3d 724, 727-28 (7th Cir. 2013)**. A small recovery will not necessarily bar a fee award if the plaintiff was not aiming high at the start, and *Hensley* is more appropriate where small cases were tried accordingly. **Id. at 728 (citing Hyde v. Small, 123 F.3d 583, 585 (7th Cir. 1997))**.

Here, Plaintiff recovered approximately $43,000, plus the restoration of vacation, personal, and sick days. This is a far cry from the cases where the courts have agonized over whether a recovery of $140 or $500 justifies the use of the *Hensley* test. IDOT has not argued that this amount is minimal compared to the recovery that Plaintiff initially sought; in fact, it has not submitted any evidence about what specific amount Plaintiff was seeking throughout this litigation. Typically, this type of evidence is required to justify the use of the *Farrar* test. Additionally, the available evidence shows that the recovery was not minimal. The jury verdict forms in this case had a line for nominal damages, which the jurors elected to leave blank in favor of awarding compensatory damages. An explicit award of compensatory damages, like the jury awarded here, militates against finding that the plaintiff's recovery was minimal. Thus, the Court cannot say on this record that Plaintiff's recovery

is minimal, nominal, or technical. IDOT has also not argued that the amount of damages is small in comparison to the amount of time spent on the case or the judicial resources consumed, which might also justify the application of *Farrar*. Therefore, the Court will apply the *Hensley* factors here.

### 3. Reasonable Fee Analysis

The basic means of calculating a reasonable attorney's fee under the *Hensley* or lodestar approach is to multiply the number of hours reasonably expended by a reasonable attorney's rate. **Spellan v. Board of Educ. for Dist. 111**, 59 F.3d 642, 645 (7th Cir. 1995) (citing **Hensley v. Eckerhart**, 461 U.S. 424, 430 n. 3 (1983)). The district court may then adjust the award after making such a calculation based on:

> the time and labor required; the novelty and difficulty of the questions; the skill requisite to perform the legal services properly; the preclusion of employment by the attorney due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the experience, reputation, and ability of the attorneys; the 'undesirability' of the case; the nature and length of the professional relationship with the client; and awards in similar cases.

**Id.**
The District Court has broad discretion in setting an appropriate attorney's fee, and may adjust the level of the award as it sees fit. **See Hensley**, 461 U.S. at 437.

The first step then, is to determine a reasonable rate. Any award of attorney's fees should be tied to the going market rate for legal services. **Missouri v. Jenkins**, 491 U.S. 274, 283 (1989); **People Who Care v. Rockford Bd. of Educ., School Dist. No. 205**, 90 F.3d 1307, 1311 (7th Cir. 1996). If the attorney does not charge a standard rate, but instead runs a public interest practice or bills on contingency, the court should look to other lawyers in the community "of reasonably comparable skill, experience, and reputation." **Blum v. Stenson**, 465 U.S. 886, 895 n.11 (1984). The lodestar approach applies even in cases where counsel has proceeded after accepting a contingent fee arrangement. **Blanchard v. Bergeron**, 489 U.S. 87, 94 (1989); **Pickett v. Sheridan Health Care Center**, 664 F.3d 632 (7th Cir. 2011).

Plaintiff's counsel has submitted an affidavit attesting to the fact that he has a public interest practice and does not charge an hourly rate. It is up to the Court to determine what a reasonable rate would be under these circumstances. IDOT advocates for a rate of $200 per hour. As an initial matter, although IDOT has represented to the Court that Special Assistant Attorneys General receive $200 an hour for defending federal civil rights cases, it has not actually submitted any evidence on this point. IDOT did not include affidavits or other sworn statements from Special Assistant Attorneys General testifying to their rate. It is also not clear from IDOT's representation whether the $200 figure truly reflects the market rate, or rather, is the rate that the State of Illinois offers on a take or leave it basis. Simply put, IDOT has not submitted enough evidence for this Court to conclude that $200 per hour is a "reasonable" rate based on the market.

At the other end of the scale, Plaintiff refers the Court to the Laffey Matrix and contends that an hourly rate of $640 would be reasonable. By its own terms, the Laffey Matrix applies only to the Washington-Baltimore area. **The Laffey Matrix, http://www.laffeymatrix.com (last visited March 11, 2014)**. Although Plaintiff is correct that the Seventh Circuit has recognized that Laffey Matrix may be useful, it has also expressed a healthy amount of skepticism about that measure. **See Pickett v. Sheridan, 664 F.3d 632, 650 (7th Cir. 2011) ("The Laffey Matrix is not without its critics. . . .[e]ven the D.C. Circuit has referred to the Matrix as "crude" and has recommended that plaintiffs provide affidavits, surveys, and past fee awards to enable the district court to refine the Matrix for the particular attorney.")**. *Pickett* originated in the Northern District of Illinois, an area that includes Chicago. While Chicago and the Washington D.C. area may be comparable, the Court cannot say that legal rates in D.C. translate quite so easily to

5

Southern Illinois, which many recognize as a smaller legal market.[2]  The Court also declines to award fees on the basis of $640 per hour.

Indeed, evidence submitted by Plaintiff himself mitigates in favor of a much lower rate. Plaintiff has submitted an affidavit by local attorney Shari Rhode, which states that her going rate is $400 an hour and she believes $300 an hour would be reasonable here.  (Doc. 143).  Additionally, Plaintiff has directed the Court's attention to *Laswell v. Johnston City*, where Ms. Rhode was awarded approximately $250 an hour.  **436 F.Supp.2d 974, 983 (S.D. Ill. 2006)**.  The Court's own research indicates Plaintiff's counsel was awarded approximately $150 an hour in 2007, the same year he filed this case.  **See Williams v. Illinois Department of Corrections, 2007 WL 2316476 (S.D. Ill. Aug. 13, 2007)**.

The Court also takes into account Plaintiff's counsel's performance.  As Plaintiff's counsel has pointed out, these types of cases are challenging.  This case, in particular, was very challenging. Plaintiff's counsel successfully revived a case that was dismissed on summary judgment.  He was then able to secure a jury verdict where the facts were hotly contested.  Plaintiff's counsel's personal performance in achieving these results cannot be overlooked.  Based on the above evidence, the Court finds that $300 an hour is a reasonable rate for the work performed.

The next step is to apply the hourly rate to the number of hours worked.  Plaintiff's counsel has submitted two time sheets showing that the total hours spent on this case to date were 362.79. (Doc. 138-2) (Doc. 168-1).  As noted by IDOT, Plaintiff ultimately prevailed on essentially one (the claims the Court designated Counts I and II) of the two claims presented by his Complaint.  The jury did not find that Plaintiff's termination was due to discrimination, and similarly, the Court found that Plaintiff's termination was not due to retaliation for asserting his rights under the ADA (Counts III and IV).  Regrettably, Plaintiff's counsel's timesheets are not specific enough for the

---

[2] *See U.S. ex rel. Liotine v. CDW Government Inc.*, No. 3:05-cv-33-DRH-PMF (S.D. Ill. Sept. 25, 2013) (recognizing that an appropriate reference point for the Southern Illinois legal market would be St. Louis, Missouri or Cincinnati, Ohio).

Court to allocate hours to claims, so the Court must adjust the award for failure to prevail on all claims by estimation.  **See Richardson v. City of Chicago, 740 F.3d 1099, 1103 (7th Cir. 2014)("If an attorney's billing records permit the calculation of the hours devoted to the claims on which the plaintiff prevailed, then all a judge need do is determine the market rate for an hour of the lawyer's time and whether the fee generated by multiplying the hours by the rate is reasonable in relation to the value of the case. . . . But when the lawyer's records to not permit time to be allocated between winning and losing claims, estimation is inevitable.")(internal citations omitted)**.  When a plaintiff's record is mixed, full compensation will not be available unless the winning and losing claims support the same relief under different legal theories.  **Id.**  Here, Plaintiff's two claims did not seek the same relief.  Plaintiff's first claim sought recovery for IDOT's failure to accommodate and for its decision to place him on leave for approximately a year.  (Doc. 2).  Plaintiff's second claim sought to recover for damages caused by his termination. (Doc. 2). The claims cover two different periods of time and address different conduct by IDOT.  Where a portion of an attorney's time was spent on unsuccessful claims, and the time spent on specific claims is not apparent from the attorney's time sheet, it is appropriate to make an across the board reduction.  **Id.**

      Although fifty percent of Plaintiff's claims were unsuccessful, it appears from a review of the relevant pleadings and Motions, that Plaintiff's failure to accommodate and discrimination by placing on leave claims under the ADA were the main thrust of this litigation.  Plaintiff spent substantially more time and space briefing issues related to the events prior to his termination.  Additionally, when Plaintiff won on appeal to the Seventh Circuit, their order addressed his claims of failure to accommodate and retaliation for being placed on leave in far greater depth then the wrongful discharge claim.  The District Court ultimately found Plaintiff's claim stemming from the events prior to his termination complex enough to justify splitting it into two separate counts to

7

send to the jury.  Although Plaintiff divided his Complaint into two claims, a reduction of half would be too much because the termination claim was much less aggressively pursued throughout.  Therefore, the Court finds that a one-third reduction in the number of hours worked on all claims is sufficient to adjust the award for the failure to prevail on all claims.

Plaintiff's counsel originally submitted an affidavit showing that he spent 344.48 hours on this case.  (Doc. 138-2).  At the request of the Court, he also submitted a supplemental affidavit detailing the time he spent on post-trial motions.  (Doc. 168-1).  That affidavit indicates counsel spent approximately 5.8 hours on his motion for attorney's fees and 12.51 hours on researching and responding to other post-trial motions.  The Court finds it is appropriate to treat the hours spent on the motion for attorney's fees in the same manner as the other total hours in this case.  Those total hours come to 350.28.  The Court reduces that lode by 116.76, a measure of one-third, to adjust for the time spent on claims that ultimately failed.  The Court will not reduce the remaining hours spent on post-trial motions by any amount, as that time was spent defending the judgment Plaintiff received.  Therefore, Plaintiff's counsel is entitled to compensation for 233.52 hours spent working on the case in chief and an additional 12.51 hours spend working on post-trial motions, for a total 246.03.  These hours will be compensated at a rate of $300 per hour for a total of $73,809. IDOT has not challenged Plaintiff's Bill of Costs, so the Court will accept it.

Plaintiff is entitled to attorney's fees of $73,809 and litigation costs in the amount of $2,054.85.

**IT IS SO ORDERED**

**Date:** March 26, 2014                              /s/ *Stephen C. Williams*
                                                                    Stephen C. Williams
                                                                    United States Magistrate Judge